**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NELSON WAMPLER, JR.,
<u>Plaintiff-Appellant,</u>

v.                                                                     No. 96-2288

NATIONSBANK, N.A.,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CA-95-145-A)

Submitted: August 28, 1997

Decided: September 12, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl E. McAfee, MCAFEE & ASSOCIATES, P.C., Norton, Virginia,
for Appellant. Eva S. Tashjian-Brown, Pamela L. Ventura,
MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nelson Wampler appeals from the district court's order granting summary judgment in favor of NationsBank, N.A., in this age discrimination in employment action. During the course of the consolidation of two branches of NationsBank, Wampler's branch office and position of branch manager were eliminated. As a result of this scale back, Wampler's employment with NationsBank was terminated. Stephen Lee, a younger individual, retained his position of branch manager of the newly consolidated bank. As a result of his termination and the decision to retain Lee, Wampler claimed that NationsBank engaged in impermissible discrimination based on his age. See 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1997). The district court granted summary judgment in favor of NationsBank. The court assumed that Wampler had established a prima facie case, but concluded that Wampler failed to show that NationsBank's proffered nondiscriminatory reasons for his demotion were pretext for discrimination on the basis of his age.

This court reviews grants of motions for summary judgment in employment discrimination cases de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). The district court assumed the existence of a prima facie case of age discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). On this assumption, the burden shifts to the employer to rebut the inference of discrimination with evidence of a legitimate nondiscriminatory reason for the demotion. See Carter v. Ball , 33 F.3d 450, 459 (4th Cir. 1994). NationsBank has met this burden by the proffer of legitimate reasons for the decision to retain Lee in his position as branch manager instead of moving Wampler to the surviving branch and terminating Lee. In short, NationsBank considered Lee the better qualified individual for the job as manager of the newly consolidated branch. Specifically, Lee's branch outperformed Wampler's branch in a statistical analysis of objective goals and Lee was considered more proactive and capable of management in the changing environment. Furthermore, Lee exhibited superior leadership and interpersonal skills.

2

Once the defendant provides the nondiscriminatory reason for the adverse action, as NationsBank has, the plaintiff must show by a preponderance of the evidence that the employer's asserted justification for taking an adverse employment action was merely pretextual, and "that discrimination was the real reason" behind the adverse employment action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993); see Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). The employer is entitled to summary judgment if the plaintiff fails to raise a factual dispute regarding the proffered reasons for the alleged discriminatory act. See Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993). In this case, Wampler did not attempt to introduce any evidence that the reasons were pretextual, relying instead on his contention that the reasons for his termination were not legitimate. On that assumption, he concludes that his prima facie case has not been rebutted and the district court erred in granting summary judgment in favor of NationsBank.

To support his contention that NationsBank's proffered reasons were not "legitimate," but rather were "facially incredible and absurd," Wampler essentially attacks the credibility of NationsBank in offering its reasons for the employment decision and contends that the district court erred in failing to do so. Specifically, Wampler takes issue with the comparative analysis employed by NationsBank in evaluating the two men for the job. Wampler also contends that NationsBank's conclusion that Lee was more proactive than Wampler is simply incredible because of the short period of time over which Lee had been evaluated. Wampler further suggests that an individual's capacity to be proactive is merely a synonym for youth and inexperience. Wampler's attempt to assign error to the district court's ruling mistakes the burden on NationsBank. Once the prima facie case is met, the defendant bears a burden of production, not of persuasion. See Hicks, 509 U.S. at 509-10. NationsBank was merely required to advance reasons which "taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." Id. at 509 (emphasis omitted).

The reasons NationsBank has advanced are core business concerns. An objective statistical analysis in combination with Lee's capacity for proactive response and superior interpersonal and managerial skills are appropriate reasons--when taken as true--for choosing one

3

individual over another for a management position. In light of our conclusion that the district court did not err in accepting Nations-Bank's profferred reasons as "legitimate," and the fact that Wampler has presented no evidence of age discrimination or that Nations-Bank's proffered nondiscriminatory reason was pretext covering a true discriminatory motive, see Hicks, 509 U.S. at 515, we determine that the district court did not err in granting summary judgment. Accordingly, we affirm the district court's order. We dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED